IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03421-BNB

CHRIS TILLOTSON,

      Plaintiff,

v.

T. J. McCOY,

      Defendant.

_____

ORDER OF DISMISSAL

_____

      Plaintiff, Chris Tillotson, is confined at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Tillotson has filed *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted.

      The Court must construe the Prisoner Complaint liberally because Mr. Tillotson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below,

the Court will dismiss the action.

Mr. Tillotson alleges in the Prisoner Complaint that he was injured when he was arrested by Defendant because Defendant used excessive force during the arrest.  Mr. Tillotson further alleges that he was charged with assault on a police officer even though he did not assault Defendant.  He asserts his claims against Defendant pursuant to 42 U.S.C. § 1983.  However, Mr. Tillotson states "[t]he only relief that I am asking for is to have my charges dropped or reduced so I can put this mess behind me."  (ECF No. 1 at 7.)  Mr. Tillotson similarly describes the nature of this action in the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 as "[t]o get my charges dropped or reduced so I can get out of the hospital sooner."  (ECF No. 3 at 1.)

Mr. Tillotson may not seek to have criminal charges dropped or reduced or to be released from custody sooner in an action under 42 U.S.C. § 1983 because his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  If Mr. Tillotson wishes to pursue any habeas corpus claims in this Court after exhausting state remedies, he must file an application for writ of habeas corpus on the proper form and he must name a proper Respondent.

To the extent Mr. Tillotson may intend to seek some relief from Defendant in this § 1983 action, those claims will be dismissed because they are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise

2

until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Tillotson's claims against Defendant in the Prisoner Complaint implicate the validity of his current confinement.  It also is apparent that Mr. Tillotson has not invalidated the validity of his current confinement.  Therefore, Mr. Tillotson's claims against Defendant are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted.  It is

FURTHER ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Plaintiff may not seek habeas corpus relief in this action pursuant to 42 U.S.C. § 1983 and his claims against Defendant are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _ 23rd _ day of __ December _____, 2013.

BY THE COURT:


___ s/Lewis T. Babcock _____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4